### HILL, ADMINISTRATOR, *vs.* NATIONAL TRUST Co.

(*Supreme Court of Pennsylvania, 1885.*)

BANKING. Certificate of check by employee. When binding on bank.

Where a bank either expressly or tactily permits an employee to certify checks drawn upon it, it will be liable for the amount of a check so certified in the hands of a *bona fide* holder. Where the bank has limited the authority of the employee to certify checks to cases in which the drawer has funds in bank, and the employee negligently or, fraudulently certifies a check when the funds called for by it do not exist, the bank, and not the innocent *bona fide* holder of the check, must bear the loss. Testimony that checks certified by a certain employee of a bank have frequently passed through the clearing house, and have been honored by the bank, is evidence of such authority on the part of the employee to certify checks as will bind the bank.—*Reporter, June* 3, 1885.

---

### FIRST NATIONAL BANK *vs.* LOCK STITCH FENCE Co.

(*U. S. Circuit Court, N. D. Ill.*)

BILLS AND NOTES—Effect of signing name in blank before indorsement by payee.

If a third person puts his name in blank on the back of a promissory note at the time it is made and before it is endorsed by the payee, to give the maker credit with the payee he must be considered as a joint maker. As the question is one of general commercial law the Federal court is not bound by the course of the judicial decision upon it, even in the State where the note was executed and made payable.—*Chicago Leg. N. June* 13, 1885.